```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

DAVID ROCKEFELLER,  : CIVIL ACTION NO. 07-1878 (MLC)

  Plaintiff,  : **MEMORANDUM OPINION**

  v.  :

STATE OF NEW JERSEY,  :

  Defendant.  :

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application") in this action. (Dkt. entry no. 1, App. & Compl.)  The plaintiff is a prolific pro se litigant, having brought eighteen actions in the United States District Court for the District of New Jersey since May 2004.  He should be well-versed on the proper way to assert federal jurisdiction.  See:

    Rockefeller v. Twp. of Deptford, No. 04-2475 (FLW);

    Rockefeller v. Camden County Probation Dep't, No. 04-4826 (RBK);

    Rockefeller v. Camden County Probation Dep't, No. 04-5615 (JBS);

    Rockefeller v. Vacation Savers, No. 05-211 (RBK);

    Rockefeller v. Camden County Bd. of Soc. Servs., No. 05-3145 (JBS);

    Rockefeller v. Sawyer, No. 05-4550 (RBK);

    Rockefeller v. Marshall, No. 05-4551 (JHR);

    Rockefeller v. Harvey, No. 05-4582 (RBK);

    Rockefeller v. Shaw, No. 05-4585 (JBS);

    Rockefeller v. Weal, No. 05-4903 (FLW);

    Rockefeller v. Davis, No. 05-4904 (RBK);

    Rockefeller v. Haddon Twp. Police Dep't, No. 06-3563 (RMB);

      Rockefeller v. State of N.J., No. 07-1252 (MLC);

      Rockefeller v. Boyce, No. 07-1416 (RBK);

      Rockefeller v. Camden Mun. Ct., No. 07-1832 (NLH);

      Rockefeller v. State of N.J., No. 07-1878 (MLC);

      Rockefeller v. Cesarano, No. 07-2185 (NLH); and

      Rockefeller v. Byrd, No. 07-2186 (JBS).

The Court will address the Application first.  See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

## APPLICATION

The plaintiff states that he owns nothing of value, is unemployed, and receives no money from any source.  (App.)  But he asserted in a separate action ("Separate Action") that he is (1) entitled to a 2006 state income tax refund, which suggests that he has income, and (2) "on a fixed income of $862".  Rockefeller v. State of N.J., No. 07-1252 (MLC), Compl., at 1.

The Court will deny the Application.  The plaintiff fails to show entitlement to in-forma-pauperis relief, as his statements here and in the Separate Action are self-contradictory.  See Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003).  It is the plaintiff's burden to "provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for in forma pauperis status."  Thompson v. Pisano, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006) (dismissing

appeal from order denying in-forma-pauperis application).  The plaintiff is not entitled to relief merely because he brings this action pro se and has expenses.  See Schneller v. Crozer Chester Med. Ctr., 201 Fed.Appx. 862, 862 (3d Cir. 2006) (dismissing appeal from order denying motion for in-forma-pauperis relief). If the plaintiff applies again for in-forma-pauperis relief, then he should clarify his level of income in light of the information that he provided in the Separate Action.

**COMPLAINT**

The Court may (1) review the complaint, and (2) direct sua sponte that it not be filed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

The Court must construe a pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not credit bald assertions or legal conclusions.  Id.  A complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989).

> The plaintiff alleges the following:
>
> 1. Violation of my civiil [sic] rights
> 2. Theft of my benefits by the State of New Jersey
> 3. Harassment by the appeal tribunal — Mr. McCarson
> 4. Refusing to give me my legally entitled benefit
> 5. The misleading of justice by Mr. Robert Cesanaro, employee of Reliance Funding Service [at a certain address]
> 6. Civil rights under the employment section
>
> I have been threatened, harassment by the State of New Jersey unemployment insurance for over a year now. I am request [sic] the benefits that I am legally entitled be order [sic] to be given or to have the lawsuit for the amount of $75,000 plus court cost.
>
> I look forward in hearing from the Court for help and to wavier [sic] the filing fee because of the theft of my funds by the State of New Jersey.

(Compl., at 1.)

## COMPLAINT WILL NOT BE FILED

**I.   Jurisdiction Under Section 1332**

The plaintiff, if attempting to bring his claims pursuant to Section 1332, fails for three reasons. First, the Court has such jurisdiction "where the matter in controversy <u>exceeds</u> the sum or value of $75,000, exclusive of interest and costs"; he seeks only "the amount of $75,000". (Compl., at 1.) 28 U.S.C. § 1332(a) (emphasis added). Second, he fails to allege the actual amount that is in controversy. (<u>See</u> Compl.) Third, there is no jurisdiction in "a suit between a state and citizens on the ground of citizenship, for a state cannot, in the nature of things, be a citizen of any state" for the purposes of

jurisdiction under Section 1332.  Stone v. S.C., 117 U.S. 430, 433 (1886); see Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same); Harris v. Pa. Tpk. Comm'n, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969) (stating "neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction").

**II.  Jurisdiction Under Section 1331**

The plaintiff, if attempting to bring his claims pursuant to Section 1331, fails because he does not assert any cognizable federal cause of action.  He fails to give "fair notice of what [his] claim is and the grounds upon which it rests," and thus comply with minimum pleading standards.  Conley v. Gibson, 355 U.S. 41, 47 (1957); see Fed.R.Civ.P. 8(a) (requiring complaint to state "grounds upon which the court's jurisdiction depends").

The plaintiff's allegations are wholly deficient.  It appears that he is involved in a dispute concerning unemployment insurance, but the Court will speculate no further.  The plaintiff (1) cites no particular federal statute in support of his claim, and (2) discusses parties who are unnamed in the caption and seemingly unrelated to the State of New Jersey.

**III. Claims Under State Law**

The plaintiff may bring his claims in state court insofar as they may be construed to be under state law.  See 28 U.S.C. § 1367(c)(3); see also 28 U.S.C. § 1367(d) (permitting thirty days to recommence state-law claim in state court).

**CONCLUSION**

The Court will (1) deny the Application, and (2) direct the Clerk of the Court to not file the complaint, as it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  The plaintiff, if he moves for reconsideration, must address all of the Court's concerns in an amended Application and an amended complaint.  The Court will issue an appropriate order and judgment.

                                                    s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge